**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30002 |
| Plaintiff-Appellee, | D.C. No.<br>6:14-cr-00006-SEH-1 |
| v. | |
| JARED THOMAS ATCHLEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 7, 2017**
Portland, Oregon

Before:  O'SCANNLAIN, FISHER, and FRIEDLAND, Circuit Judges.

Jared Atchley appeals his conviction for violating 26 U.S.C. § 5861(d) and

challenges the district court's denial of his motion to suppress statements he and

his father made to police officers and the sufficiency of the government's evidence

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

against him. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Atchley argues that the district court erred in admitting the statements because (1) they were not recorded, as purportedly required under Montana law, and (2) the government failed to show that the statements were voluntary. Both arguments fail.

A

First, the officers did not violate Montana law. The officers were not required to record Atchley's interview, because it did not occur in a "place of detention." *See* Mont. Code Ann. §§ 46-4-407(1), 46-4-407(3), 46-4-408; *see also State v. Grey*, 907 P.2d 951, 956 (Mont. 1995) ("[I]n the context of a custodial interrogation *conducted at the station house or under other similarly controlled circumstances*, the failure . . . to preserve some tangible record of [a detainee's *Miranda* warnings] will be viewed with distrust . . . ." (emphasis added)).

B

Second, the relevant circumstances support the conclusion that Atchley's statements were voluntary. For example, the evidence suggests that Atchley voluntarily accompanied the officers outside the bar, that he was read his rights,

that the interview was carried out in a non-threatening manner, that the entire encounter lasted approximately 15 minutes, and that Atchley was an adult with a high school diploma at the time. *See, e.g.*, *Brown v. Horell*, 644 F.3d 969, 979 (9th Cir. 2011) (listing factors relevant to evaluating voluntariness of a confession). Atchley has offered no reason to doubt the voluntariness of the interaction other than his own speculation that he may have been intoxicated at the time—a notion rejected by the testimony of both officers. The evidence in the record is sufficient to show the voluntariness of Atchley's statements by a preponderance of the evidence. *See United States v. Bautista*, 362 F.3d 584, 589 (9th Cir. 2004) (government must show voluntariness by a preponderance of the evidence).

II

The government presented sufficient evidence to show that Atchley constructively possessed the rifle after it had been cut short. *See generally United States v. Nungaray*, 697 F.3d 1114, 1116 (9th Cir. 2012) (discussing constructive possession). Both Atchley and his father admitted that Atchley owned the rifle; Atchley accurately described the relevant characteristics of the rifle, including that it had been cut short; and Officer Gleich testified that Atchley told him none of the other individuals in the car had access to the rifle. Viewed in the light most favorable to the prosecution, this evidence is sufficient for a rational trier-of-fact to

3

find beyond a reasonable doubt that Atchley knowingly possessed the altered rifle. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (discussing standard for reviewing sufficiency of the evidence).

III

The judgment of the district court is **AFFIRMED**.